IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL STEILBERG                                                                                      PLAINTIFF

v.                                                                                  CAUSE NO. 1:15CV269-LG-RHW

LIONEL BRADLEY, ET AL.                                                                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER
### GRANTING FOREMOST INSURANCE COMPANY'S
### <u>MOTION FOR SUMMARY JUDGMENT</u>

BEFORE THE COURT is the [14] Motion for Summary Judgment filed by Defendant Foremost Insurance Company. Foremost issued a motorcycle insurance policy to Sharel Kenney, Steilberg's fiancé. Both Kenney and Steilberg are Louisiana residents. When Kenney purchased the motorcycle she filled out the insurance application for herself and Steilberg, and signed a form to decline Uninsured/Underinsured Motorists Bodily Injury Coverage. When Steilberg and Kenney were injured in an accident with an uninsured motorist in Mississippi, Foremost refused to pay uninsured motorist benefits. Steilberg filed this lawsuit seeking, among other things, benefits due to him from the Foremost motorcycle insurance policy.

After consideration of Foremost's Motion, the record, and the relevant law, it is the Court's opinion that applying Louisiana law, Kenney waived uninsured/underinsured motorist coverage and that Steilberg has received the benefits he is due under the Foremost motorcycle insurance policy. Accordingly, Foremost's Motion will be granted, and Steilberg's claims against Foremost will be dismissed.

BACKGROUND

When Kenney purchased a motorcycle from Mike Bruno's Northshore Harley-Davidson in Slidell, Louisiana, she also filled out an application for Louisiana motorcycle insurance with Foremost, a company recommended by Mike Bruno's. She listed herself and Steilberg as operators of the motorcycle. There is no question that she signed the uninsured/underinsured motorist coverage waiver form prescribed by Louisiana law. Foremost argues it is therefore entitled to summary judgment in regard to the UM coverage issue. Foremost also contends that without a duty to pay UM benefits, there can be no bad faith claim. Finally, Foremost argues that it has paid all of the estimates provided by Bruno's to repair the damage, and therefore Steilberg has no property damage claim.

Steilberg argues that Foremost should have paid uninsured motorist benefits because under Mississippi law, Kenney did not effectively waive her and Steilberg's right to that coverage. Steilberg argues that under Mississippi law, whether her waiver was "knowing" is a question of fact. Steilberg does not address Foremost's arguments concerning his bad faith and property damage claims.[1]

---

[1] Approximately one month after this case was filed in the Circuit Court of Hancock County, Mississippi, Foremost obtained a Rule 54(b) final judgment in a parallel case that had also been pending in Hancock County. *See* (ECF No. 14-10). The earlier case was filed by Kenney, who sued all of the same defendants Steilberg sues here, except that Kenney also sued Steilberg. Foremost states that it was awarded summary judgment on the same coverage issues presented here. The Circuit Court's order is on appeal to the Mississippi Supreme Court.

ANALYSIS

1.  Choice of Law

Resolution of Foremost's summary judgment motion begins with the choice of law to be applied.  Foremost argues that the insurance policy is a Louisiana policy complying with Louisiana law, purchased by Louisiana residents for a motorcycle garaged in Louisiana.  Foremost therefore contends that Louisiana law applies.

Steilberg argues for application of Mississippi law, because the accident occurred in Bay St. Louis, Mississippi, and the motorcycle lienholder is located in Mississippi.  Steilberg argues that Foremost is not located in Louisiana – it is headquartered in Michigan and plaintiff's policy payments were made to a Texas address.

A federal court sitting in diversity applies the choice of law rules of the forum state to determine which state's substantive law applies.  *Hartford Underwriters Ins. Co. v. Found. Health Servs. Inc.,* 524 F.3d 588, 593 (5th Cir. 2008).  This analysis requires a threshold determination that the laws actually conflict.  The parties have shown a conflict between Louisiana and Mississippi law, albeit a minor one.  Both Louisiana and Mississippi favor UM motorist coverage and require a signed rejection form to prove that the coverage was declined.  At issue in this case is the formalities required for the UM rejection form to be valid.  Mississippi requires a greater showing than Louisiana to hold a written waiver of UM coverage valid.

Because Mississippi and Louisiana law conflict, the next step is Mississippi's

center-of-gravity test, "which focuses on which state has the most substantial contacts with the parties and the subject matter of the action." *Lowe v. State Farm Mut. Auto. Ins. Co.*, 463 F. App'x 408, 411 (5th Cir. 2012) (quotation marks and citations omitted). It is unnecessary to conduct an extended choice-of-law analysis because courts have resolved the question presented here a number of times, concluding on similar facts that the state where the policy was purchased, the parties to the insurance contract were domiciled, and the insured property was located, was the state law that applied. *See id.*; *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 322 (5th Cir. 2006); *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 435-36 (Miss. 2006); *Owens v. Miss. Farm Bureau Cas. Ins. Co.*, 910 So. 2d 1065, 1069-72 (Miss. 2005); *O'Rourke v. Colonial Ins. Co. of Ca.*, 624 So.2d 84, 86 (Miss. 1993); *Boardman v. United States Auto. Assoc.*, 470 So.2d 1024 (Miss. 1985).

There is no connection with Mississippi other that the fact that the accident occurred in Mississippi, and the disputed fact, viewed in favor of the plaintiffs, that the motorcycle lienholder is in Mississippi. Nevertheless, the insurance policy was purchased in Louisiana by Louisiana residents for property usually located in Louisiana. Therefore, Louisiana law applies.

    2. Waiver of UM coverage

In Louisiana, UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed; UM coverage will be read into the policy unless validly rejected. *See Duncan v. U.S.A.A. Ins. Co.,* 2006-363 (La.

11/29/06); 950 So. 2d 544, 547.  The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance.  *Id*.  The UM statute is to be liberally construed, and thus, exceptions to coverage are to be interpreted strictly.  Any exclusion from coverage in an insurance policy must be clear and unmistakable, and the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits.  *Id*.

> "Six tasks" are required for a valid waiver of UM insurance:
>
> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

*Id*. at 650.  "The six tasks outlined by *Duncan* must be completed before the UM form is signed by the insured, such that the signature of the insured or the insured's representative signifies an acceptance of an agreement with all of the information contained on the form." *Gray v. Am. Nat'l Prop. & Cas. Co.*, 2007-1670 (La. 2/26/08); 977 So. 2d 839, 849.  "A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage. . . ." *Duncan*, 950 So. 2d at 551 (quoting La. Rev. Stat. Ann. 22:1295(1)(a)(ii)).

There is no dispute regarding five of the six tasks.  Steilberg only contests the date task, arguing that Kenney testified that she did not fill in the date on the form,

but that "a date was later added by an unknown party." (Pl. Mem. 12, ECF No. 17). However, review of Kenney's deposition testimony shows Kenney only testified that the date was not written in her handwriting, and that she did not recall dating the form:

> Q. And then did you date that?
>
> A. Besides.
>
> Q. Besides your signature?
>
> A. I do not – I do not recall dating that.
>
> Q. Does that look like your handwriting?
>
> A. No, it does not. I don't write my twos like that.

(Pl. Ex. B 38, ECF No. 16-2). Steilberg points to no testimony about whether the date was already on the form when Kenney signed it. Without any evidence that the form was incomplete before Kenney signed it, Steilberg does not overcome the statutory presumption that Kenney knowingly rejected UM coverage. Louisiana law does not require Kenney to date the form herself in order to find a valid waiver. *See Cortes-Valencia v. Crews*, 14-234 (La. App. 5 Cir. 10/29/14); 164 So. 3d 204, 206 ("The fact that the date on the form was generated in a manner other than hand-written by the insured herself is of no moment.").

Steilberg also argues that the form was provided to Kenney by the motorcycle dealership, and that Kenney had no opportunity to discuss the UM waiver with an insurance agent. Steilberg argues that this shows misconduct on the part of Foremost, thereby invalidating Kenney's UM waiver. Steilberg does not support

this argument with citation to Louisiana law classifying the non-presence or non-involvement of an agent as misconduct.  Further, Kenney did not testify that she wanted to consult an agent or that she did not understand what she was signing, only that she signed where the motorcycle dealership had put "stick-it notes."  (Pl. Ex. B 137, ECF No. 16-2).  Louisiana presumes that an insured knows and understands what she is signing, unless there is evidence of fraud, duress or misconduct of the insurance agent.  *Garza v. Argueta*, 12-561 (La. App. 5 Cir. 3/27/13); 113 So. 3d 384, 386.  As there is no evidence of fraud, duress, or misconduct by the agent in this case, there is no basis for invalidating Kenney's waiver of UM coverage.

    3.  Property Damage Claim

Steilberg alleges that Foremost has not paid for all damage to the motorcycle because it "refused to deem the motorcycle totaled."  (Compl. 4 (¶20), ECF No. 2).  Foremost points to Kenney's deposition testimony in which she admitted that Foremost paid in full the two repair estimates it received from Mike Bruno's, totaling $17,343.83.  (Foremost Mot. Ex. G 69-71, ECF No. 14-7).  Foremost explains that the cost of repair was 64.2 percent of the value of the motorcycle, based on Kenney's testimony that the motorcycle was worth about $27,000 on the day of the accident.  (*Id*. at 78).  The policy defines "total loss" as occurring when the cost of repairs exceeds 80 percent of the motorcycle's actual cash value.  (Foremost Mot. Ex. A, Replacement Cost Total Loss Settlement Endorsement, ECF No. 14-1 at 13).  Since the cost of repair did not reach the 80 percent threshold, the policy did

not require Foremost to declare the motorcycle a total loss. Foremost is entitled to summary judgment in regard to the property damage claim.

    4. Bad Faith Claim

Based on the analysis above, Steilberg cannot show that Foremost acted in bad faith under Louisiana law, as there is no evidence that Foremost acted arbitrarily, capriciously, or without probable cause in denying payment of UM benefits, or in failing to declare the motorcycle a total loss. *See Talbert v. State Farm Fire & Cas. Ins. Co.*, 2007-0211 (La. App. 4 Cir. 11/14/07); 971 So. 2d 1206, 1212. Foremost is entitled to summary judgment in regard to the bad faith claim.

## CONCLUSION

For the reasons stated above, the Court finds that Foremost is entitled to summary judgment in regard to Steilberg's claims. Foremost's Motion will be granted, and Steilberg's claims against Foremost dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [14] Motion for Summary Judgment filed by Defendant Foremost Insurance Company is **GRANTED**. Plaintiff's claims against Defendant Foremost Insurance Company are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2015.

                                                                      s/ *Louis Guirola, Jr.*
                                                                    LOUIS GUIROLA, JR.
                                                                    CHIEF U.S. DISTRICT JUDGE