IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL STEILBERG                                                           PLAINTIFF

v.                                                        CAUSE NO. 1:15CV269-LG-RHW

LIONEL BRADLEY, ET AL.                                               DEFENDANTS

MEMORANDUM OPINION AND ORDER
GRANTING USAA CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [21] Motion for Summary Judgment filed by Defendant USAA Casualty Insurance Company.  Steilberg filed this lawsuit after he was injured in a motorcycle accident with an uninsured motorist in Mississippi. Steilberg seeks medical expense and underinsured motorist coverage benefits due to him under an automobile insurance policy issued by USAA to his fiancé, Sharel Kenney.  The issues have been fully briefed.  After consideration of USAA's Motion, the record, and the relevant law, it is the Court's opinion that Steilberg has no claim to benefits under the USAA policy as a result of the motorcycle accident, as the policy covers neither the motorcycle nor Steilberg.  Furthermore, USAA did not act negligently or in bad faith by denying coverage.  Accordingly, USAA's Motion will be granted, and Steilberg's claims against USAA dismissed.

ANALYSIS

USAA argues it is entitled to summary judgment as to Steilberg's claims against it because 1) Steilberg was not a "covered person" under the policy; 2) even if he were a covered person, Steilberg is not entitled to medical payments because his injuries in a non-covered vehicle are excluded from coverage; 3) Louisiana law  allows

the policy's exclusion of uninsured motorist coverage for damages sustained under the circumstances here; and 4) with no duty to pay benefits, USAA could not have breached any duty, committed bad faith, or otherwise committed a tort against Steilberg.

1. Choice of Law

Steilberg premises his arguments against summary judgment on the application of Mississippi law. He argues that because the accident occurred in Bay St. Louis, Mississippi, and the lienholder on the motorcycle is located in Mississippi, Mississippi law applies. He also notes that USAA is not located in Louisiana – it is headquartered in Texas and Kenney's policy payments were made to a Texas address.

USAA argues that the insurance policy is a Louisiana policy complying with Louisiana law, purchased by a Louisiana resident for a motor vehicle garaged in Louisiana. USAA therefore contends that Louisiana law applies.

The Court examined an almost identical choice-of-law question in this case in connection with the summary judgment motion filed by Defendant Foremost Insurance Company, which issued the insurance policy covering the motorcycle. (*See* Order Oct. 30, 2015, ECF No. 20). Once again, the Court finds it unnecessary to conduct an extended choice-of-law analysis because courts have resolved the question presented here a number of times, concluding on similar facts that the state where the policy was purchased, the parties to the insurance contract were domiciled, and the insured property was located, was the state law that applied. *See Lowe v. State Farm Mut. Auto. Ins. Co.*, 463 F. App'x 408, 411 (5th Cir. 2012); *AXA Re Prop. & Cas. Ins.*

*Co. v. Day*, 162 F. App'x 316, 322 (5th Cir. 2006); *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 435-36 (Miss. 2006); *Owens v. Miss. Farm Bureau Cas. Ins. Co.*, 910 So. 2d 1065, 1069-72 (Miss. 2005); *O'Rourke v. Colonial Ins. Co. of Ca.*, 624 So.2d 84, 86 (Miss. 1993); *Boardman v. United States Auto. Assoc.*, 470 So.2d 1024 (Miss. 1985).

The same conclusion should prevail in this case. There is no connection with Mississippi other than the "fortuitous" fact that the accident occurred in Mississippi, and the disputed fact that the motorcycle lienholder is present in Mississippi. Neither of these facts has anything to do with the subject matter of the action against USAA, which is the contract of insurance. The insurance policy was purchased in Louisiana by Sharel Kenney – a Louisiana resident – for her automobile usually located in Louisiana. Louisiana law therefore applies.

    2. Whether Steilberg was a "Covered Person"

        a. Medical Payments Coverage

In order to be entitled to medical payments coverage, Steilberg must meet the definition of a "covered person." (USAA CIC.00022, ECF No. 21-3). A "covered person" is, in relevant part, "you or any family member while occupying any auto," and "any other person while occupying your covered auto." (*Id.*).

USAA argues that the policy does not apply to Steilberg, because he is not a named insured, the spouse of a named insured, or a family member of a named insured, as defined in the policy.[1] Steilberg protests that he lived in Kenney's

---

[1] The policy defines "'you' and 'your' as the 'named insured' shown in the Declarations and spouse if a resident of the same household." A "family member means a person related to you by blood, marriage, or adoption who is a

household, was engaged to marry her, and was a co-owner of the motorcycle with her. Nevertheless, the Court finds the language of the policy to be clear. Kenney was the sole named insured, and although Steilberg was engaged to be married to Kenney at the time of the accident, he was not Kenney's spouse. Steilberg lived in the same household as Kenney, but he was not related to her by blood, marriage, or adoption, nor was he Kenney's ward or foster child. Accordingly, Steilberg was neither an insured nor a family member of an insured.

Next, USAA argues that Steilberg is not a covered person because he was not "occupying [Kenney's] covered auto." (USAA CIC.00022, ECF No. 21-3). The policy defines a covered auto as 1) any vehicle shown in the Declarations; 2) any newly acquired vehicle; 3) any trailer you own; 4) any temporary substitute vehicle; and 5) any rental auto. The only vehicle shown in the Declarations is a 2009 Dodge Charger. (USAA CIC.0004, ECF No. 21-3). Steilberg does not argue that the motorcycle falls into any of the other categories of covered auto, and the undisputed facts of this case show that the motorcycle is not a covered vehicle.[2]

Steilberg fails to show he is a covered person under the terms of the USAA

---

resident of your household. This includes a ward or foster child." (USAA CIC.00019, ECF No. 21-3).

[2] A newly acquired vehicle is one acquired during the policy period and not covered by any other insurance policy. (USAA CIC.00019 (§ M(2)), ECF No. 21-3). There is no dispute that the motorcycle involved in the accident was separately insured under a policy issued by Foremost Insurance Company. The motorcycle is clearly not a trailer or a rental vehicle. A temporary substitute vehicle is one that is not owned by the insured while it is used as a temporary replacement for a covered auto. (*Id*. (§ J)).

policy applicable to medical payments coverage. USAA is entitled to summary judgment in regard to Steilberg's claims concerning denial of medical payments coverage.

      b. Uninsured Motorists Coverage

In order to be entitled to uninsured motorists coverage under the USAA policy, Steilberg must meet the definition of a covered person. A covered person is either "you or any family member" or "any other person occupying your covered auto." (USAA CIC.00026, ECF No. 21-3).[3] The Court has already determined that Steilberg does come within the definition of either one of those categories. Accordingly, he is not a person entitled to uninsured motorists coverage under the USAA policy. USAA is entitled to summary judgment in regard to Steilberg's claims concerning denial of uninsured motorists coverage.

      3. Bad Faith and Negligence

USAA contends that it was justified in handling Steilberg's claim on the automobile policy as it did, because it is clear that Steilberg was not covered by the policy. Based on the analysis above, Steilberg cannot show that USAA acted in bad

---

[3] A third category is "[a]ny person who is legally entitled to recover damages because of [bodily injury] to which this coverage applies sustained by a person described in 1. or 2., above." (USAA CIC.00026 (§ A(3)). Subsections 1. and 2. refer to "you or any family member" and "any other person occupying your covered auto." As Steilberg is not a person described in 1. or 2., this third category does not apply to him.

faith under Louisiana law, as there is no evidence that USAA acted arbitrarily, capriciously, or without probable cause in denying payment of medical payments coverage or uninsured motorists coverage. *See Talbert v. State Farm Fire & Cas. Ins. Co.*, 2007-0211 (La. App. 4 Cir. 11/14/07); 971 So. 2d 1206, 1212. Further, USAA is liable only for damages caused by its negligent acts. *Kelley v. Gen. Ins. Co. of Am.*, 2014-0180 (La. App. 1 Cir. 12/23/14); 168 So. 3d 528, 543. Steilberg does not show that USAA breached any duty and therefore acted negligently in denying coverage. USAA is entitled to summary judgment in regard to the bad faith and negligence claims.

## CONCLUSION

For the reasons stated above, the Court finds that USAA is entitled to summary judgment in regard to Steilberg's claims. USAA's Motion will be granted, and Steilberg's claims against USAA dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [21] Motion for Summary Judgment filed by Defendant USAA Casualty Insurance Company is **GRANTED**. Plaintiff's claims against Defendant USAA Casualty Insurance Company are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 14th day of January 2016.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge