IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL STEILBERG                                         PLAINTIFF

v.                                          CAUSE NO. 1:15CV269-LG-RHW

LIONEL BRADLEY, ET AL.                                  DEFENDANTS

## ORDER DENYING MOTION TO REMAND

BEFORE THE COURT is the Plaintiff's Motion [34] to Remand. The Motion

has been fully briefed. For the reasons that follow, the Court finds that it has

jurisdiction of this case. Therefore, remand is not appropriate, and Plaintiff's

Motion will be denied.

BACKGROUND

Plaintiff Daniel Steilberg filed this lawsuit in the Circuit Court of Hancock

County, Mississippi against an uninsured motorist who injured him in an accident -

Lionel Bradley - and two insurance companies he alleged insured him against

damages caused by an uninsured driver - Foremost Insurance Company and USAA

Casualty Insurance Company. The two insurance company defendants removed the

case to this Court. Although he was served with process, Bradley has never

appeared.

Each insurance company filed a motion for summary judgment, and both

were granted. (*See* Orders at ECF Nos. 20, 27). After the claims against the

insurance company defendants were dismissed, the Court conducted a telephone

conference to ascertain the status of the case. The insurance company defendants

indicated they would file motions for entry of Rule 54(b) final judgments, and

Steilberg indicated he would file a motion to remand.  (*See* Minute Entry Jan. 27,

2016).  The insurance company defendants filed their motions, and the Court

granted them coincidently on the same day Steilberg filed his motion to remand.

DISCUSSION

Steilberg contends it was error for the Court to grant the insurance

defendants' Rule 54(b) motions without giving him adequate time to respond,

especially because the Court was aware that he intended to file a motion to remand.

His motion sets out two grounds for remand.  He argues first that the tortfeasor

Bradley is alleged to be a citizen of Mississippi, and therefore 28 U.S.C. §

1441(b)(2), the forum defendant rule, precluded the case from being removed to this

Court because Bradley is a citizen of the forum state.  Second, Steilberg contends

that his allegations against Bradley do not show that the jurisdictional amount of

$75,000 is at issue.

Even though Rule 54(b) motions were granted prior to Steilberg's remand

motion, there is no prejudice to Steilberg.  Final judgment has not entered as to

Steilberg's claims against Bradley, allowing the Court to consider the propriety of

removal.  *See* 28 U.S.C. § 1447(c).  Accordingly, Steilberg's grounds for remand are

considered below.

1.  Legal Standard

A civil action filed in state court is removable only if it could have originally

been brought in federal court.  28 U.S.C. § 1441(a).  Thus, a district court must

-2-

remand a removed case if it appears that the district court lacks subject matter jurisdiction. The source of original jurisdiction alleged in this case is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

A. The Forum Defendant Rule

Pursuant to the forum defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Violation of the forum defendant rule does not deprive a district court of subject matter jurisdiction where the parties are completely diverse. *In re Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1519 (5th Cir. 1991)). Instead, the rule is a procedural requirement, and therefore a party that wishes to contest removal on this basis has thirty days to do so. *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); 28 U.S.C. § 1447(c). Otherwise, that right is waived. *In re Shell Oil*, 932 F.2d at 1523. The parties are completely diverse in this case,[1] and Steilberg's invocation of the forum defendant rule occurred well more than thirty

---

[1] Steilberg is a Louisiana resident, Bradley is a Mississippi resident, Foremost Insurance Company is a Michigan corporation with its principal place of business in Michigan, and USAA Casualty Insurance Company is a Texas corporation with its principal place of business in Texas. (Compl. 1-2 (¶¶1-4), ECF No. 1-1).

days after removal. Accordingly, Steilberg's objection on the basis of the forum
defendant rule is untimely and does not entitle him to remand of the case.

    B. The Amount in Controversy

    When the amount in controversy is at issue in a multiple defendant case, the
general rule is that "where a suit is brought against several defendants asserting
claims against each of them which are separate and distinct, the test of jurisdiction
is the amount of each claim, and not their aggregate." *Jewell v. Grain Dealers
Mutual Ins. Co.,* 290 F.2d 11, 13 (5th Cir. 1961) (finding that joint liability did not
exist between primary insurer and an excess insurer and therefore, claims against
them could not be joined for determining jurisdiction). "Claims against two or more
defendants can be aggregated for the purpose of attaining the jurisdictional
amount, as a general proposition, if they are jointly liable to the plaintiff." *Id.;
Lathem v. State Farm Mut. Auto. Ins. Co.*, 339 F. Supp. 2d 767, 771-72 (S.D. Miss.
2004).

    Steilberg's claims against Bradley concern negligent operation of a motor
vehicle. (Compl. 6 (¶34), ECF No. 1-1). His claims against the insurance company
defendants concern insurance policies. The claims against the defendants are
separate and distinct, making aggregation improper. Nevertheless, the
compensatory damages Steilberg seeks would most probably result in the amount in
controversy requirement being met as to all defendants. Steilberg alleges he
suffered

    "extensive injuries including multiple severe abrasions, broken bones

in his left leg, and serious damage to his left knee. As a result of these injuries, Plaintiff was confined to the hospital for several days, had to undergo invasive surgeries, and was required to undertake a regimen of intensive and painful physical therapy sessions."

(*Id*. at 3 (¶12)). He seeks recovery from all of the defendants for, among other things, past and future medical expenses; lost wages; and past and future emotional distress and anxiety.

A multiple-day hospitalization and more than one surgery would likely exceed the jurisdictional minimum, *see, e.g., Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003), and "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Holmes v. Citifinancial Mortg. Co.,* 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006); *see also Colony Ins. Co. v. Ropers of Hattiesburg, LLC*, No. 2:11CV3-KS-MTP, 2011 WL 1226095, at *3 (S.D. Miss. Mar. 29, 2011) (taking notice of Mississippi juries routinely awarding such damages in excess of the jurisdictional minimum); *Doss v. NPC Int'l, Inc.*, No. 4:10CV17-SA-DAS, 2010 WL 1759153, at *6 (N.D. Miss. Apr. 29, 2010) (same). The allegations against Bradley therefore satisfy the amount in controversy requirement for diversity jurisdiction. Remand should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion [34] to Remand is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2016.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
Chief United States District Judge

-6-